FILED
2010 MAR 17 PM 4:46
CLERK U.S. DIST. COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ____

1  ~~David~~ RAY Hall (805) ~~402-5073~~
   5136 Cochran Street
2  Simi Valley, California
   Ray Hall (805) 512-0215 or (417) 955-0517
3
   Sui Juris
4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 ~~David Hall and~~ Ray Hall, AS Trustee
   IN Trust of the DAVID HALL
12      Plaintiffs,                    Trust        Case No. CV10-1606-DMG (VBKx)

13      vs.

14
   WASHINGTON MUTUAL BANK, aka
15 WaMu;                                            EX PARTE APPLICATION FOR

16                                                  TEMPORARY RESTRAINING

17                                                  ORDER AND ORDER TO SHOW

18                                                  CAUSE.

19

20

21                                ; DOES
   1 through 100,
22
        Defendant
23

24

25      COMES NOW Plaintiffs David Hall and Ray Hall, Pursuant to FRCP 65, Plaintiffs

26 move the court to enter a Temporary Restraining Order, based upon the grounds that

27 follow.

28

## PARTIES

Plaintiff David Hall is one of the Borrowers involved in this action and at all time relevant to the issues involved in this controversy has been fully involved.

Plaintiff Ray Hall became involved when he became the trustee of David Hall's property, thus having standing to be a plaintiff in this case.

Defendants are claiming an equitable interest is said property, which is located at 5136 Cochran Street, Simi Valley, California.

## RELIEF IS NECESSARY

Absent immediate injunctive relief, Defendants will proceed to evict Plaintiff David Hall from his only home causing irreparable and irreversible harm to him and his family, whereas, maintaining the status quo will do no harm to Defendants while the complaint against Defendants is being adjudicated. Eviction, at this time, will not only disrupt Plaintiff David Hall's ability to adequately adjudicate the cause against Defendants and exacerbate the harm already caused by Defendants, but will utterly destroy Plaintiff David Hall's ability to get justice!

## PLAINTIFFS WILL PREVAIL

Plaintiffs will prevail in the instant cause and are prepared to prove:

1. THAT all times relevant to this case Defendant Washington Mutual Bank was guilty of intentional predatory lending practices that were designed to cause Borrowers to loose their home;
2. THAT some of the Defendants were guilty of numerous violations of both state and federal laws, namely California's Civil Code §1632 *et seq.*; violations of RESPA 12 U.S.C. §2605 et seq.; violations of Truth in Lending Act *15 U.S.C. §1601 et seq.;* and fraud, among others;

3. THAT Defendant lender's agents, upon being informed that Plaintiffs had filed a complaint for injunctive relief, immediately sold the property at the Trustee's Sale in an effort to beat the clock.

4. THAT this application for a TRO and the adjudication of the complaint filed against the Defendants on this matter will advance the public interest.

5. THAT land at issue in this case is under a land patent, which is the highest form of title know to law.
   > "A patent for land is the highest evidence of title and is conclusive as against the government and all claiming under junior patents or titles." (United States v. Stone, 2 US 525)

The above Plaintiffs are prepared to prove and fully expect to prevail in the complaint regarding this matter.

## REASON APPLICATION FOR TRO WAS NOT FILED WITH ORIGINAL COMPLAINT

Plaintiff, being delayed by illness, was unable to file the original complaint until the date scheduled for trustee's sale of the property. Plaintiff was not then aware that a separate application for a TRO was needed.

When agents for Defendants discovered said action was pending; they moved the sale of this property to the head of their list and the bank purchased it.

## POSSIBLE REQUIREMENT FOR UNDERTAKING

Any requirement for undertaking would create an impossible burden on Plaintiff causing irreparable injury while Defendant will not suffer any harm by granting injunctive relief while the complaint against them is being adjudicated.

Dated: 16 Mar 2010

_____
[signature]

original broker and lender in this case.

22. The aforementioned conduct of the originating loan Defendants was an intentional misrepresentation, carried out with deceit, or concealment of material facts because they knew or should have known the wrong doing that was involved in granting of these loans.

23. Said loans were granted with the intention on the part of the originating Defendants to achieve unjust enrichment, thereby depriving the Plaintiffs of property or legal rights or otherwise causing injury, and was oppressive, fraudulent, malicious and despicable conduct that subjected the Plaintiff to a cruel and unjust hardship in conscious disregard of the Plaintiff's rights, so as to justify an award of exemplary and punitive damages, as well as attorney fees and costs.

24. At all times mentioned herein, that all of the Defendants acted in concert with the other Defendants named in this Complaint in the wrongful and improper activities alleged and, therefore, are responsible for the damages as alleged by Plaintiff.

25. At at all times mentioned herein each Defendant and individual named in this Complaint was acting within the course and scope of the alleged relationship.

26. Each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

27. All times mentioned herein, that all Defendants are liable for the actions of each other as alleged herein.

28. At all times mentioned herein, the Defendants have pursued a common course of conduct, acted in concert with, and conspired with each other and have aided and abetted one another to accomplish the wrongs complained herein.

29. Defendants are therefore directly, jointly and severally liable to Plaintiffs for the actions of original lender.

*[signature: David Hall]*

David Hall

DECLARATION OF JEFF HALL

When by my brother, David Hall was in the process of refinancing his home; I was asked if I would co-sign on the loan.

During the interview, Brian Minkow, the one putting the loan package together, asked me what my annual income was and I told him it was about $40,000 per year.

Some time after the documents were signed, David pointed out to me that Brian had listed my income at $9,600.00 per month or $115,200.00 per year. Brian knew this information was false. I didn't even know he had listed my income higher than I told him until in Missouri and have authorized my father, Ray Hall, to sign for me.

*[signature: Ray Hall]*

Jeff Hall by Ray Hall

## VERIFICATION

I, Ray Hall, am a plaintiff in the above entitled action. I have read the foregoing application and know its contents. The same are true of my own knowledge, except as to those matters that are alleged in the complaint on the information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date 16 Mar 2010


Ray Hall