Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
Darrell W. Spence - 248011
ELLIS, LaVOIE, POIRIER,
  STEINHEIMER & McGEE LLP
555 University Avenue, Suite 200 East
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
asteinheimer@ellislawgrp.com
dspence@ellislawgrp.com

Attorneys for Defendant PROFESSIONAL RECOVERY SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES

| | |
|---|---|
| RAY HALL, DAVID S. HALL and JEFFREY C. HALL, <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON MUTUAL BANK, DOES 1 through 10, BRIAN MINKOW, ALAN H. FISHMAN, WAMU of JACKSONVILLE FLORIDA, KEVIN R. MCCARHTY, QUALITY LOAN SERVICES CORP., KEITH KREIDER, PROFESSIONAL RECOVERY SERVICES, INC., et al., <br><br> Defendants. | Case No.: 10-CV-01606-DMG-VBKx <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PROFESSIONAL RECOVERY SERVICES, INC.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** <br><br> DATE: March 28, 2011 <br> TIME: 9:30 a.m. <br> DEPT: Courtroom 7, 2nd Floor |

# TABLE OF CONTENTS

PAGE

I.    INTRODUCTION ............................................................................. 1

II.   LEGAL ANALYSIS........................................................................ 3

    A.    STANDARD FOR A MOTION TO DISMISS ............................................. 3

    B.    ALL OF THE CAUSES OF ACTION AGAINST PRS SHOULD
        BE DISMISSED BECAUSE THE CLAIMS LACK COGNIZABLE
        LEGAL THEORIES AND INSUFFICIENT FACTS ARE ALLEGED
        TO SUPPORT ANY POSSIBLE THEORIES............................................. 7

        1.    Plaintiffs' Second Cause Of Action For Fraudulent Concealment
            Should Be  Dismissed As To PRS As Plaintiffs Have Not Alleged
            Any Specific Facts Supporting The Claim ........................................ 7

        2.    Plaintiffs' Third Cause Of Action For Breach of the Implied
            Covenant of Good Faith and Fair Dealing Should be Dismissed
            As To PRS As Plaintiffs Have Not Alleged Any Facts To Support
            This Claim And PRS Was Not Party To Any  Contract With
            Plaintiffs ....................................................................................... 9

        3.    Plaintiffs' Fourth Cause Of Action For Intentional Infliction of
            Emotional  Distress Should be Dismissed Because Plaintiffs
            Have Not Alleged that PRS  Engaged In Extreme and
            Outrageous Conduct Or That Plaintiffs Have Suffered Any
            Severe Emotional Distress .............................................................. 10

        4.    Plaintiffs' Fifth Cause Of Action For Negligence Should be
            Dismissed Because Plaintiffs Have Not Alleged Facts To
            Support The Claim With Respect to PRS ........................................ 14

        5.    Plaintiffs' Sixth Cause of Action for Violation of the FCRA
            Should be Dismissed  Because Plaintiffs Fail To Allege
            Necessary Facts To Support This Claim.......................................... 15

        6.    Plaintiffs' Seventh Cause Of Action for Unjust Enrichment
            Should be Dismissed  Because Plaintiffs Do Not Allege Any
            Facts That Demonstrate PRS Has Received Any Unjust Benefit.... 17

        7.    Plaintiffs' Eighth Cause of Action For Fraud Is Not Supported
            By Sufficient Facts Nor Plead With The Requisite Specificity
            As To Defendant PRS ..................................................................... 19

-i-

8.   Plaintiffs' Ninth Cause of Action for Conspiracy Should Be Dismissed As Conspiracy Is Not A Cause Of Action And Plaintiffs Have Failed to Adequately Plead Facts Establishing Conspiracy Involving PRS ............................................................... 21

9.   Plaintiffs' Tenth Cause of Action Alleging "No Consideration" Fails To State A Claim Against PRS ................................................. 23

III.   CONCLUSION ................................................................................. 23

TABLE OF AUTHORITIES

PAGE

### Cases

*Ajaxo Inc. v. E\*Trade Financial Corp.,* 187 Cal.App.4th 1295 (2010) .......................... 18

*Anderson v. Clow In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399 (9th Cir.1996) .................. 8

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503 (1994) ................ 21

*Ashcroft v. Iqbal,* 556 U.S. —, 129 S.Ct. 1937 (2009) ....................... 2, 3, 4, 6, 16, 19, 22

*Balistreri v. Pacifica Police Dept.,* 901 F.2d 696 (9th Cir. 1988)..................................... 5

*Barron v. Reich,* 13 F.3d 1370 (9th Cir. 1994) .................................................................. 3

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)...................................... 2, 3, 4, 5, 6

*Bogard v. Employers Casualt,y* 164 Cal.App.3d 602 (1985) .......................................... 14

*Bowden v. Spiegel, Inc.,* 96 Cal.App.2d 793 (1950)........................................................ 12

*Bundren v. Superior Court,* 145 Cal.App.3d 784 (1982).................................................. 12

*Christensen v. Superior Court,* 54 Cal.3d 868 (1991) ..................................................... 11

*Clegg v. Cult Awareness Networ,k* 18 F.3d 752 (9th Cir. 1994) ...................................... 3

*Cole v. Fair Oaks Fire Protection Dist.,* 43 Cal.3d 148 (1987) ..................................... 12

*Davidson v. City of Westminster,* 32 Cal.3d 197 (1982)................................................... 11

*Doctors' Co. v. Superior Court,* 49 Cal.3d 39 (1989) ..................................................... 22

*Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336 (2005) .......................................... 6

*Fletcher v. Wester Nat'l Life Ins. Co.,* 10 Cal.App.3d 376 (1970)................................. 14

*Fuentes v. Perez,* 66 Cal.App.3d 163 (1977)................................................................... 14

*Girard v. Ball,* 125 Cal.App.3d 772 (1982)............................................................. 12, 13

*Golden v. Dungan,* 20 Cal.App.3d 295 (1971) ................................................................ 14

*Harazim v. Lynam,* 267 Cal.App.2d 127 (1968)............................................................... 19

*Hassek v. Simmons,* 2003 WL 22416698, \*1 (N.D.Cal. 2003)..................................... 5, 8

*Kruse v. Bank of America,* 202 Cal.App.3d 38 (1988) .................................................... 13

*Ladd v. County of San Mate,o* 12 Cal.4th 913 (1996) ..................................................... 15

*Lectrodryer v. SeoulBank,* 77 Cal.App.4th 723 (2000) ................................................... 18

*Leisher v. Wachovia Mortg., Inc.,* 2011 WL 98575, \*7 (S.D.Cal. 2011)....................... 15

*Limandri v. Judkins,* 52 Cal.App.4th 326 (1997)............................................................... 8

-ii-

*Madrid v. Perot Systems Corp.*, 130 Cal.App.4th 440 (2005)............................................. 18

*Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal.App.4th 603 (1992) .............. 8

*Maxwell v. Union Fidelity Mortgage, Inc.*, 2009 WL 426189, *2 (E.D. Cal 2009)......... 4

*McHenry v. Renne*, 84 F.3d 1172 (9th Cir.1996)................................................................. 5

*Mosier v. Southern California Physicians Insurance Exchange,*
   63 Cal.App.4th 1022 (1998) ......................................................................................... 21

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) ............................................................... 3

*Nelson v. Equifax Information Services, LLC.*, 522 F.Supp.2d 1222
   (C.D.Cal. 2007)........................................................................................................ 16, 17

*Neubronner v. Milken*, 6 F.3d 666 (9th Cir.1993) .............................................................. 9

*Potter v. Firestone Tire & Rubber Co.*, 6 Cal.4th 965 (1993) ......................................... 11

*Racine & Laramie, Ltd. v. Department of Parks & Recreation,*
   11 Cal.App.4th 1026 (1992) ..................................................................................... 9, 10

*Ross v. Creel Publishing*, 100 Cal.App.4th 736 (2003) .............................................. 12, 13

*Seeger v. Odell*, 18 Cal.2d 409 (1941) .............................................................................. 19

*State Rubbish Collectors Association v. Siliznoff*, 38 Cal.2d 330 (1952)....................... 11

*Townsend v. Chase Bank USA N.A.*, 2009 WL 426393, *8  (C.D.Cal. 2009)................ 13

*Trerice v. Blue Cross of Calif.*, 209 Cal.App.3d 878 (1989) .......................................... 12

*Unilogic, Inc. v. Burroughs Corp.*, 10 Cal.App.4th 612 (1992) ..................................... 18

*Van Camp Sea Food Co. v. Westgate Sea Products Co.*, 28 F.2d 957 (9th Cir. 1928) ..... 5

*Vess v. Ciba-Geigy Corp. USA,*  317 F.3d 1097 (9th Cir. 2003) ..................................... 20

*Young v. Bank of Cal.*, 88 Cal.App.2d 184 (1948). ........................................................ 18

*Yurick v. Superior Court*, 209 Cal.App.3d 1116 (1989) ................................................. 12

**Statutes**

15 U.S.C. § 1681 ................................................................................................................ 17

15 U.S.C. § 1681s-2(a)(3) ................................................................................................. 17

15 U.S.C. § 1681s-2(d)................................................................................................. 16, 17

Civil Code § 1709.............................................................................................................. 19

Civil Code §1710................................................................................................................ 19

## Other Authorities

5 Witkin, *Summary of Cal. Law: Torts* (9th ed. 1988) § 676, p. 778 ...............................  19

Flahaven, California Practice Guide, *Personal Injury*
(Rutter 2003) p.3-102, § 3:203.4 ..................................................................................  12

Prosser & Keeton on Torts (5th ed. 1984) § 12, pp. 59-60 ...............................................  12

# I.   INTRODUCTION

Defendant Professional Recovery Services, Inc. ("PRS") hereby moves to dismiss plaintiffs' Second Amended Complaint ("SAC") pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) and Rule 8.  Plaintiffs' SAC should be dismissed with respect to PRS because it fails to allege facts sufficient to state any cause of action against PRS. Indeed, PRS is barely mentioned in the SAC.

The genesis of plaintiffs' complaint appears to be their claim that they were fraudulently given a mortgage loan that they could neither qualify for nor pay and that the loan was improperly funded and illegally transferred.   The SAC contains 11 purported Causes of Action against at least 12 separately named defendants.  However, PRS had nothing to do with the origins of the loan, the funding of the loan or any transfer of the loan.  PRS is simply a debt collection company that was asked to collect a delinquent debt from Mr. Hall owed to PRS's client.

The only specific "facts" alleged that seem to relate to PRS at all are contained in paragraphs 124 and 125 of the SAC.  There plaintiffs allege that plaintiffs "challenged the defendant debt collectors to verify the validity of the loans, within the time specified by law" and the debt collectors failed to cease collection of the debt.  *SAC*, ¶¶ 124-125. These allegations are the only apparent basis for plaintiffs' claims against PRS.  Of course, plaintiffs do not identify when they allegedly challenged the debt collectors (or PRS specifically) to verify the validity of the loans, how they did so, what response they

-1-

received, what collection efforts were undertaken after the challenge, when those efforts were made and when, if every, they ended.

Despite this paucity of factual allegations, the SAC contains nine "causes of action" against "all Defendants except FDIC." These include: Second Cause of Action – *Fraudulent Concealment*; Third Cause of Action – *Breach of the Implied Covenant of Good Faith and Fair Dealing*; Fourth Cause of Action – *Intentional Infliction of Emotional Distress*; Fifth Cause of Action – *Negligence*; Sixth Cause of Action – *Violation of the Fair Debt Reporting Act*[1]; Seventh Cause of Action – *Unjust Enrichment*; Eighth Cause of Action – *Fraud*; Ninth Cause of Action – *Conspiracy*; and Tenth Cause of Action – *No Consideration*.[2]

Without any factual support for these claims *with respect to PRS*, the bare legal conclusions   fail to meet the pleading sufficiency requirements under FRCP 8 as interpreted by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. —, 129 S.Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007).  The SAC is so deficient in alleging supporting facts against PRS that even if every factual allegation is accepted as true, no court would find that plaintiffs have established a plausible claim for relief against PRS.  In short, the mere allegation that plaintiffs challenged "the debt collectors" to verify the debt and the "debt collectors"

---

[1] The statute cited by Plaintiffs is actually the Fair Credit Reporting Act.

[2] The First Cause of Action for Breach of Fiduciary Duty is only alleged against defendant Minkow (*SAC*, ¶ 172-189) and the Eleventh Cause of Action for Outlawry is only alleged against defendant FDIC. *SAC*, ¶ 339-355.

-2-

continued collection, does not state a claim for relief under any legal theory at all, including the nine alleged against PRS in the SAC.

Therefore, PRS requests that all claims for relief in the SAC, and the SAC in total, be dismissed, with prejudice, as to PRS. As this is the third attempt at a complaint filed by plaintiffs, plaintiffs have had plenty of opportunity to adequately plead their claims. They still have not done so and further leave to amend should be denied.

## II.   LEGAL ANALYSIS

### A.   STANDARD FOR A MOTION TO DISMISS.

A motion to dismiss under FRCP 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). For purposes of FRCP 12(b)(6), "claim," means a set of facts that, if established, entitle the pleader to relief. *Bell Atlantic Corp. v. Twombly, supra*, 550 US at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, when accepted as true, to state a claim for relief that is plausible on its face." *Iqbal, supra,* 129 S.Ct. at 1949. Thus, when evaluating a motion to dismiss, the court generally accepts the material factual allegations in the complaint as true, and construes them in the light most favorable to the non-moving party. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994).

The Court is not required, however, to accept a legal conclusion "cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a

-3-

1   claim for relief will not do." *Iqbal*, *supra*, at 1949.

2
3       *Iqbal* and *Twombly* contemplate a two-step analysis to determine whether a
4   complaint has been pled sufficiently to overcome a motion to dismiss: First, naked legal
5   conclusions are not accepted as true for the purposes of the complaint's sufficiency.
6
7   *Iqbal*, *supra*, 129 S.Ct. at 1949-1950, citing *Twombly*, *supra*, 550 U.S. at 555. Second,
8   the court reviews the factual allegations of the complaint to determine if they plausibly
9   suggest entitlement to relief.   *Iqbal*, *supra*, 129 S.Ct. at 1950-1951 (analyzing
10
11  *Twombly*). As noted by the Supreme Court in *Iqbal*:

12                  [T]he pleading standard Rule 8 announces does not require
                    'detailed factual allegations,' but it demands more than an
13                  unadorned, the-defendant-unlawfully-harmed-me-accusation . .
14                  . . A pleading that offers 'labels and conclusions' or 'a
                    formulaic recitation of the elements of a case will not do . . . .'
15                  Nor does a complaint suffice if it tenders 'naked assertion[s]'
16                  devoid of 'further factual enhancement.'

17  *Id.* at 1949 citing *Twombly* (citations omitted).

18      Determining whether a complaint states a claim for relief is a "context specific
19
20  task." *Id.* at 1950.   But in any context, conclusions, without supporting factual
21  allegations, will not withstand a motion to dismiss. *Id.* at 1949 ("[W]e are not bound to
22  accept as true legal conclusions couched as a factual allegation"); *Maxwell v. Union*
23
24  *Fidelity Mortgage, Inc.*, 2009 WL 426189, *2 (E.D. Cal 2009) "[C]onclusions of law,
25  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact need
26  not be accepted").
27
28      Dismissal pursuant to Rule 12(b)(6) is appropriate where a complaint lacks a

-4-

cognizable legal theory, or where insufficient facts are alleged to support the plaintiff's theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). When it is clear that under no circumstances can plaintiff present evidence to establish his claims, "it would be idle to go further and a motion to dismiss should be granted." *Van Camp Sea Food Co. v. Westgate Sea Products Co.*, 28 F.2d 957, 957-958 (9th Cir. 1928).

Dismissal is also appropriate under Rule 8 where a complaint is incomprehensible and fails to explain why plaintiff believes he has been wronged, or what he wishes the Court to do. *Hassek v. Simmons*, 2003 WL 22416698, *1 (N.D.Cal. 2003). The Ninth Circuit has held that a complaint may be dismissed *with prejudice* for failure to comply with the requirements of Rule 8. See, *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir.1996). "Rule 8(e), requiring each averment of a pleading to be 'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id.* at 1179. A complaint that lacks "simplicity, conciseness and clarity as to whom [a plaintiff is] suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180.

The Rule 8 pleading standards are not merely procedural. They serve a significant function as a barrier to frivolous litigation. As *Twombly* explained, the purpose is to ensure that a plaintiff can show, "something beyond the mere possibility of loss . . . lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Twombly, supra,* 550 U.S. at 558, citing *Dura*

-5-

*Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005).

In *Twombly*, an anti-trust case, the Court dismissed the plaintiff's complaint, holding that the mere assertion that telecommunication providers engaged in "certain parallel conduct unfavorable to competition," was insufficient, without some factual context, including the averment of facts showing that there was an agreement between the providers. *Twombly, supra*, 550 US 544, 544.

*Iqbal* was a civil rights case brought by an accused-terrorist detainee alleging discriminatory harsh treatment by the federal government. *Iqbal, supra*, 129 S.Ct. at 1955.    Without providing supporting factual details, the plaintiff alleged that the defendants agreed to subject him to harsh treatment solely for discriminatory reasons. *Iqbal, supra*, 129 S.Ct. at 1950-1952.   The Court granted the defendant's motion to dismiss because the plaintiff's bald allegations of a conspiracy and intent to discriminate against him, without supporting facts, were implausible, particularly in light of the fact that the federal government had detained many similarly situated suspects in similar conditions. *Id.*

The instant case is more bereft of supporting factual allegations than either *Iqbal* or *Twombly*.   The SAC wholly fails to state facts necessary to support the claims asserted against PRS.   For example, the Halls claim that PRS is liable for fraud.   Yet there is no allegation in the SAC that PRS made any misrepresentations to the Halls. Additionally, the Halls claim that PRS is liable for a breach of the implied covenant of good faith and fair dealing, but they do not allege that they entered into a contract with

-6-

PRS.  These are only a few examples of the Halls' failure to plead sufficient facts.

The SAC is so convoluted and difficult to read that it is impossible to determine what claims are plead against which defendants, much less the facts and legal theories upon which they base their claims.  For these reasons, discussed below in further detail, the SAC must be dismissed in its entirety as to PRS, with prejudice.

**B.    ALL OF THE CAUSES OF ACTION AGAINST PRS SHOULD BE DISMISSED BECAUSE THE CLAIMS LACK COGNIZABLE LEGAL THEORIES AND INSUFFICIENT FACTS ARE ALLEGED TO SUPPORT ANY POSSIBLE THEORIES.**

**1.    Plaintiffs' Second Cause Of Action For Fraudulent Concealment Should Be  Dismissed As To PRS As Plaintiffs Have Not Alleged Any Specific Facts Supporting The Claim.**

In their Second Cause Of Action, the Halls allege that PRS, along with all of the other defendants, is liable for "fraudulent concealment."  *SAC*, 28:23-32:8.  However, there is no basis for this claim with respect to PRS and certainly none identified in the SAC.  This claim should be dismissed because the SAC does not contain any factual assertion that PRS knowingly concealed any facts from the Halls, or that there was a duty to disclose certain facts in the first place.

"[T]he elements of an action for fraud and deceit based on a concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he

had known of the concealed or suppressed fact, and (5) as a result of the concealment or

suppression of the fact, the plaintiff must have sustained damage." *Marketing West, Inc.

v. Sanyo Fisher (USA) Corp.*, 6 Cal.App.4th 603, 612–613 (1992) (emphasis added).

Plaintiffs have failed to plead any facts to support any of these elements with

respect to PRS.   See *SAC*, ¶¶ 190-227.   In fact PRS is not mentioned in any of the

allegations under this "cause of action." *Ibid.*

Further, there are no facts that plaintiffs could allege against PRS.

> [There are] four circumstances in which nondisclosure or
> concealment may constitute actionable fraud: (1) when the
> defendant is in a fiduciary relationship with the plaintiff; (2)
> when the defendant had exclusive knowledge of material facts
> not known to the plaintiff; (3) when the defendant actively
> conceals a material fact from the plaintiff; and (4) when the
> defendant makes partial representations but also suppresses
> some material facts . . . . [¶] . . . All of these relationships are
> created by transactions between parties from which a duty to
> disclose facts material to the transaction arises under certain
> circumstances.

*Limandri v. Judkins*, 52 Cal.App.4th 326, 336–337 (1997).

PRS did not have a fiduciary relationship with plaintiffs, did not have exclusive

knowledge over any material facts, did not actively conceal any such fact and did not

make a partial representation.   More importantly, for purposes of this motion, plaintiffs

have not alleged that PRS did so.

Plaintiffs fail to allege any facts against PRS and certainly have not met their

burden of pleading the facts supporting their claim sounding in fraud with *sufficient

particularity* as required by Rule 9(b).   See, e.g., *Anderson v. Clow In re Stac Elecs.*

-8-

*Sec. Litig,* 89 F.3d 1399, 1404-1405 (9th Cir.1996).   Under Rule 9(b), "[i]n all averments of fraud or mistake, circumstances constituting fraud or mistake shall be stated with particularity."   Specifically, "the complaint must specify such facts as the times, dates, places and benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken,* 6 F.3d 666, 671 (9th Cir.1993).

Here, Plaintiffs fail to allege any of the specific facts necessary to support their claim against PRS.   Plaintiffs fails to identify which representative of PRS concealed facts, when and where any concealment occurred, and the *specific* facts that were concealed.

As plaintiffs have utterly failed to plead facts sufficient to constitute a claim for fraudulent concealment against PRS, this claim should be dismissed.

**2.     Plaintiffs' Third Cause Of Action For Breach of the Implied Covenant of Good Faith and Fair Dealing Should Be Dismissed As To PRS As Plaintiffs Have Not Alleged Any Facts To Support This Claim And PRS Was Not Party To Any Contract With Plaintiffs.**

In their Third Cause Of Action, plaintiffs allege that PRS is liable for breach of the implied covenant of good faith and fair dealing.   *SAC,* 32:10-33:24.   This claim should be dismissed because plaintiffs have failed to plead sufficient facts to support this claim, including an allegation that PRS was a party to a contract with the Halls.

A claim for breach of the implied covenant of good faith and fair dealing must be based on an underlying contract. *Racine & Laramie, Ltd. v. Department of Parks & Recreation,* 11 Cal.App.4th 1026, 1031-1032 (1992).

-9-

> The implied covenant of good faith and fair dealing rests upon the existence of some specific contractual obligation. The covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose . . . . In essence, the covenant is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in conduct which (while not technically transgressing the express covenants) frustrates the other party's rights to the benefits of the contract.

*Id.*

"There is no obligation to deal fairly or in good faith absent an existing contract." *Id.* at 1032.

Here, PRS is not mentioned in the allegations under this cause of action. *SAC*, ¶¶ 228-233. Plaintiffs have completely failed to allege that they entered into any contract with PRS at any time. Of course this makes sense as PRS has not entered into any contract with any plaintiffs and, in fact, the SAC makes clear that plaintiffs are complaining about their contracts with other defendants.

As plaintiffs had no contract with PRS and have failed to allege any such contract, this claim should be dismissed.

**3.    Plaintiffs' Fourth Cause Of Action For Intentional Infliction of Emotional  Distress Should be Dismissed Because Plaintiffs Have Not Alleged that PRS Engaged In Extreme and Outrageous Conduct Or That Plaintiffs Have Suffered Any Severe Emotional Distress.**

In their Fourth Cause Of Action, plaintiffs allege that PRS is liable for intentional infliction of emotional distress. *SAC*, 33:28-35:7. This claim should be dismissed because the SAC does not contain any facts to support the allegation that PRS acted in

an extreme and outrageous manner, that PRS intended to cause and caused any emotional distress or that plaintiffs suffered any severe emotional distress.

The tort of intentional infliction of emotional distress is based on a defendant's unprivileged commission of an outrageous act with the *intent to inflict mental suffering. State Rubbish Collectors Association v. Siliznoff,* 38 Cal.2d 330 (1952) . The elements for the tort of IIED are (1) unprivileged conduct by the defendant that was (2) extreme and outrageous; (3) intent to cause, or reckless disregard of the probability of causing, emotional distress; (4) severe or extreme emotional distress on the part of the plaintiff and (5) "actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Christensen v. Superior Court,* 54 Cal.3d 868, 903 (1991); *citing Davidson v. City of Westminster,* 32 Cal.3d 197, 209 (1982). The defendant must have engaged in "conduct intended to inflict injury or engaged in with the realization that injury will result." *Id.* at p. 210.

An essential element of the cause of action is "extreme and outrageous" conduct by defendant.  Essentially, defendant's conduct must be so extreme as to "exceed all bounds of decency usually tolerated in a civilized society." *Davidson v. City of Westminster,* 32 Cal.3d 197, 209 (1982); *Potter v. Firestone Tire & Rubber Co.,* 6 Cal.4[th] 965, 1001 (1993). "[T]here can be no recovery for mere profanity, obscenity, or abuse, without circumstances of aggravation, or for insults, indignities or threats which are considered to amount to nothing more than mere annoyances. The plaintiff cannot recover merely because of hurt feelings. [Fns. omitted.]" *Yurick v. Superior Court,* 209

-11-

Cal.App.3d 1116, 1128 (1989); *citing* Prosser & Keeton on Torts (5th ed. 1984) § 12, pp. 59-60; *Cole v. Fair Oaks Fire Protection Dist.,* 43 Cal.3d 148, 155 (1987); see also *Girard v. Ball,* 125 Cal.App.3d 772, 787-789 (1982)   (collection activity not outrageous).

> On the spectrum of offensiveness, defendant's conduct must be that which is the 'most extremely offensive.'   Subject to plaintiff's idiosyncrasies, offensive conduct may be objectively 'irritating, insulting or even distressing' but it is not actionable (and must be endured without resort to legal remedies) unless egregiously outside the realm of civilized conduct.

Flahaven, California Practice Guide, *Personal Injury* (Rutter 2003) p.3-102, § 3:203.4; citing *Yurick, supra,* 209 Cal.App.3d at 1129; *Trerice v. Blue Cross of Calif.,* 209 Cal.App.3d 878 (1989).

Courts have long recognized that debt collection by its very nature is distressing. *Ross v. Creel Publishing,* 100 Cal.App.4th 736, 746-747 (2003); *Bowden v. Spiegel, Inc.* ,96 Cal.App.2d 793, 789 (1950); *Bundren v. Superior Court,* 145 Cal.App.3d 784, 789-791 (1982).   But they do not give rise to a claim for intentional infliction of emotional distress unless extreme and outrageous.   *Ross, supra,* 100 Cal.App.4th at 746-747.   "In a society greatly dependent upon the extension of credit, it is important that a creditor be allowed a certain degree of freedom in demanding payment." *Bowden v. Spiegel, Inc.,* 96 Cal.App.2d 793, 789 (1950).   However, this conduct is only actionable if it goes beyond "all reasonable bounds of decency." *Id.* at 789.

A defendant cannot be subject to liability for infliction of emotional distress when

it has merely pursued its own economic interests and asserted its legal rights. See *Kruse v. Bank of America,* 202 Cal.App.3d 38, 67 (1988) (no IIED where lender merely attempted to collect a debt owed to it). Mere debt collection, and nothing more, is insufficient to support a cause of action for IIED. See, e.g., *Townsend v. Chase Bank USA N.A.,* 2009 WL 426393, *8 (C.D.Cal. 2009) (court found that debt collection against plaintiff undoubtedly caused him stress, but that such stress does not rise to the level of "conduct so extreme as to exceed all bounds of conduct usually tolerated in a civilized community").

In the case of *Girard v. Ball*, the court found summary judgment in favor of the creditor. *Girard v. Ball,* 125 Cal.App.3d 772, 787 (1981). The Court found that the mailing of several letters and making of telephones calls requesting payments, did not "even hint at the kind of conduct" that could be found outrageous. In *Ross v. Creel Printing & Publishing Co.,* the creditor wrote a letter to the debtor indicating that if the checks, which had been returned, were not paid, the matter would be referred to the District Attorney for legal action. *Ross, supra,* 100 Cal.App.4th at 741. The Court affirmed demurrer without leave to amend on behalf of the creditor finding that Plaintiff failed to allege any facts showing outrageous conduct. *Id.* at 749.

Here, plaintiffs fail to allege any of the facts necessary to support their claim for IIED against PRS. See *SAC*, ¶¶ 234-244. And, at least with respect to PRS, plaintiffs will never be able to allege sufficient facts to support this claim because PRS was acting as a debt collector and engaged in no extreme or outrageous conduct and did not intend

-13-

1   to cause plaintiffs emotional distress.

2
3       Plaintiffs also fail to allege sufficient facts to demonstrate that they suffered
4   severe emotional distress.

5       Severe emotional distress means "emotional distress of such substantial quantity
6
7   or enduring quality that no reasonable man in a civilized society should be expected to
8   endure it." *Bogard v. Employers Casualty,* 164 Cal.App.3d 602, 617 (1985), quoting
9   *Fletcher v. Wester Nat'l Life Ins. Co.,* 10 Cal.App.3d 376, 397 (1970).  In *Fuentes v.*
10
11  *Perez,* 66 Cal.App.3d 163, 172 (1977), the plaintiff's testimony that they were "upset,"
12  "disturbed," and "furious" failed to meet the requisite test for "severe" emotional
13  distress.  Physical harm is not necessary, however, in cases that do not involve physical
14
15  injury, "the courts will probably tend to look for more in the way of extreme outrage as
16  an assurance that the mental disturbance claimed is not fictitious." *Golden v. Dungan,*
17  20 Cal.App.3d 295, 308 (1971).

18
19      As plaintiffs have not and cannot allege facts necessary to support this claim
20  against PRS, plaintiffs Fourth Cause of Action should be dismissed.

21      **4.    Plaintiffs' Fifth Cause Of Action For Negligence Should be Dismissed
22           Because Plaintiffs Have Not Alleged Facts To Support The Claim With
           Respect to PRS.**
23
24      Plaintiffs' Fifth Cause Of Action for Negligence fails to mention PRS or any
25  breach of duty and resultant damage caused by PRS (*SAC,* ¶¶ 245-253) and, therefore,
26  should be dismissed.
27
28      Negligence requires duty, breach, causation and damages.  *Ladd v. County of San*

-14-

*Mateo*, 12 Cal.4th 913, 917 (1996).  At least with respect to PRS, plaintiffs have not pled any of these elements.  See, *SAC*, ¶¶ 245-253.

Not every relationship establishes a duty of care for negligence purposes and "the existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence." *Leisher v. Wachovia Mortg., Inc.*, 2011 WL 98575, \*7 (S.D.Cal. 2011) (dismissal of negligence claim where court found that a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money).  Here, plaintiffs have not alleged that PRS owed the Halls a duty of care, and do not allege facts sufficient to establish such a duty.

Further, plaintiffs have utterly failed to allege any breach of a duty by PRS or resultant damages.  The allegations in the SAC demonstrate that plaintiffs' negligence claim is based on alleged breaches and misconduct in the origination of the mortgage loan, not on any conduct of PRS.  As plaintiffs have failed to state facts sufficient to state a claim, their Fifth Cause of Action should be dismissed.

**5.    Plaintiffs' Sixth Cause of Action for Violation of the FCRA Should be Dismissed   Because Plaintiffs Fail To Allege Necessary Facts To Support This Claim.**

Plaintiffs' Sixth Cause of Action alleges that PRS is liable for violating the FCRA.  *SAC,* 36:18-37:23.  Plaintiffs conclusorily claim that *all defendants* (except FDIC): (1) failed "to provide credit scores;" (2) failed "to provide Notice to Home Loan Applicant;" (3) failed "to provide Notices of Adverse Action;" (4) failed "to provide

Risk-Based Pricing Notice;" (5) failed "to make Investigative Consumer Report Disclosure;" and, (6) failed to report "[that] the validity of the account was being challenged." *SAC*, ¶ 258.

These are the type of legal conclusions or recitations of the elements of a claim masquerading as facts that are warned against by *Iqbal*. *Iqbal*, *supra*, 129 S.Ct. at 1949 ("we are not bound to accept as true legal conclusions couched as a factual allegation"). Plaintiffs fail to allege any true supporting facts such as when PRS (or any other defendant) is supposed to have reported the debt to a credit reporting agency, what was reported, etc. The lack of sufficient factual allegations compels dismissal of the claim.

Further, most of the allegations have nothing to do with PRS. PRS is a debt collector and at most a "furnisher" of credit information. Allegations (1-5 above) concerning credit scores, applications and notices of adverse action allegations do not pertain to PRS. *SAC*, ¶ 258.

The only claim that may pertain to PRS is allegation number six for allegedly failing to report that the account was disputed. However, this claim fails as a matter of law as there is no private right of action under the FCRA against a furnisher of information for failing to report a debt as disputed. 15 U.S.C. § 1681s-2(d); *Nelson v. Equifax Information Services, LLC*, 522 F.Supp.2d 1222, 1230 (C.D.Cal. 2007).

Under the FCRA, "[i]f the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency

-16-

without notice that such information is disputed by the consumer." 15 U.S.C. § 1681s-2(a)(3). Thus, it appears that the Halls are claiming that PRS violated § 1681s-2(a)(3) by failing to report to credit bureaus that the subject account was disputed by the Halls. This is an invalid basis for the FCRA claim in this case.

FCRA claims brought by individuals under 15 U.S.C. §1681s-2(a), which governs the duty of a furnisher of information to report accurate information to credit reporting agencies, are barred because *there is no private right of action for violations of that section of the statute.* 15 U.S.C. § 1681s-2(d). The FCRA was enacted to ensure that credit reporting agencies use reasonable procedures which ensure fairness, impartiality, accuracy, and confidentiality. See 15 U.S.C. § 1681. However, "enforcement of specific sections of the Act, like Section 1681s-2(a)'s duty on furnishers to report accurate information, is limited to federal agencies and officials and state officials." *Nelson v. Equifax Information Services, LLC,* 522 F.Supp.2d 1222, 1230 (C.D.Cal. 2007) citing 15 U.S.C. § 1681s-2(d).

For these reasons, the plaintiffs' cause of action for violation of the FCRA should be dismissed.

### 6. Plaintiffs' Seventh Cause Of Action for Unjust Enrichment Should be Dismissed   Because Plaintiffs Do Not Allege Any Facts That Demonstrate PRS Has Received Any Unjust Benefit.

Plaintiffs' Seventh Cause of Action alleges unjust enrichment against the defendants. *SAC,* 37:26-39:2. This claim should be dismissed because the SAC does not contain any allegation that PRS obtained any benefit, much less that it obtained a

-17-

1   benefit unjustly.

2
3       The elements for a claim of unjust enrichment are "receipt of a benefit and unjust

4   retention of the benefit at the expense of another." *Lectrodryer v. SeoulBank*, 77

5   Cal.App.4th 723, 726 (2000).   A plaintiff has no right to bring a claim for unjust

6
7   enrichment where the plaintiff did not confer a benefit directly upon the defendant. See

8   *Young v. Bank of Cal.*, 88 Cal.App.2d 184, 187 (1948).

9           A person who has been unjustly enriched at the expense of
10          another is required to make restitution to the other.  Ordinarily
            the benefit to the one and the loss to the other are coextensive,
11          and the result . . . is to compel the one to surrender the benefit
12          which he has received and thereby to make restitution to the
            other for the loss which he has suffered.
13
14  *Unilogic, Inc. v. Burroughs Corp.*, 10 Cal.App.4th 612, 627–628 (1992) (emphasis

15  added).   "A defendant's unjust enrichment is typically measured by the defendant's

16
17  profits flowing from the misappropriation." *Ajaxo Inc. v. E*Trade Financial Corp.*, 187

18  Cal.App.4th 1295, 1305 (2010).   It stands to reason that a defendant cannot be required

19  to return or restore to a plaintiff something he or she never obtained.  See *Madrid v.*

20  *Perot Systems Corp.*, (2005) 130 Cal.App.4th 440, 456 (noting absence of authority for
21
22  the proposition that a plaintiff may recover money as restitution "from a defendant who

23  never received it").
24
25      Here, plaintiffs have failed to make any allegation that PRS obtained an actual

26  benefit from the Halls, justly or not.  The SAC does make the unsupported, conclusory

27  allegation that "all Defendants" "received unjust, unreported, and illegal benefits at

28

-18-

Plaintiffs' expense, including but not limited to . . . the *expectation of future revenues* from charges, penalties and fees paid by Plaintiff when the unaffordable LOAN was foreclosed or refinanced." *SAC,* ¶ 263 (emphasis added).  However, this allegation is not sufficient to plead that PRS *received* an identifiable benefit that in any way relates to this case.  There is no way to return "the expectation of future revenues from charges, penalties and fees" to Plaintiffs.

Even if the SAC contained an allegation that PRS did in fact receive some benefit at the expense of the Halls, the SAC does not contain any *factual* allegations that such a benefit was *unjustly* retained.  The bare conclusions stated in the *SAC,* at ¶ 263, that all Defendants "received unjust, unreported, and illegal benefits at Plaintiffs' expense," are insufficient to support a cause of action for unjust enrichment.  See, e.g., *Iqbal*, *supra*, at 1949.  Such bare conclusions do not provide PRS with the proper notice of the facts supporting the claim for unjust enrichment as required under Rule 8.  For these reasons, the cause of action for unjust enrichment against PRS should be dismissed.

### 7.   Plaintiffs' Eighth Cause of Action For Fraud Is Not Supported By Sufficient Facts Nor Plead With The Requisite Specificity As To Defendant PRS.

In their Eighth Cause of Action, plaintiffs' allege that PRS is liable for fraud. *SAC,* 39:6-42:14.  However, the claim is devoid of sufficient facts to state a claim against PRS.  Indeed, it is not even clear if plaintiffs are claiming that the fraud was intentional (*SAC,* 40:1-3) or was based on "negligent misrepresentations." *SAC,* 40:17-20.  Regardless, this claim should be dismissed because the SAC does not contain any

*specific* allegations that PRS made any misrepresentations to the plaintiffs and does not contain specific allegations that plausibly could establish any of the elements of fraud.

The elements of a cause of action for fraud are: (1) a misrepresentation; (2) knowledge of falsity; (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Harazim v. Lynam*, 267 Cal.App.2d 127, 130 (1968); see also *Seeger v. Odell*, 18 Cal.2d 409, 414 (1941); Civ. Code, §§ 1709, 1710; 5 Witkin, *Summary of Cal. Law: Torts* (9th ed. 1988) § 676, p. 778.)

Here plaintiffs fail to allege that PRS did anything that could support a claim for fraud. See *SAC*, ¶¶ 265-291. The basis for plaintiffs' fraud claim appears to be the allegation that they were induced into entering into the "predatory" loan. *SAC*, ¶ 290. Of course, PRS had nothing to do with the origination of the loan.

As discussed *supra*,

> Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged. A plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false.

See *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

It is well established that Rule 9(b)'s particularity requirement applies to state-law causes of action sounding in fraud. See *Id.* at 1103. "[W]hile a federal court will

-20-

examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule." *Id*. Thus, any allegations in the SAC supporting intentional fraud or negligent misrepresentation must be made with heightened particularity.

In this case, the SAC is incredibly vague and ambiguous as to <u>who</u>, <u>when</u>, <u>where</u>, and <u>by what means</u> PRS made any alleged misrepresentations. The SAC does not even state the substance of PRS' alleged misrepresentations. In contrast, the SAC alleges that certain specifically-named defendants other than PRS, on or about July of 2006, falsified property values and falsified information the Halls gave to them, for the purpose of having the Halls qualify for loans that they could not afford. *SAC*, 39:14-25. While these allegations are threadbare and likely do not meet the requirements of Rule 9, they are not made against PRS. Plaintiffs simply do not allege any specific facts supporting any allegation of fraud against PRS, and the SAC does not give PRS notice of the facts supporting the claim. For this reasons, the cause of action for fraud against PRS should be dismissed.

### 8. Plaintiffs' Ninth Cause of Action for Conspiracy Should Be Dismissed As Conspiracy Is Not A Cause Of Action And Plaintiffs Have Failed to Adequately Plead Facts Establishing A Conspiracy Involving PRS.

Plaintiffs Ninth Cause of Action alleges that PRS was involved in a conspiracy. *SAC*, 42:18-46:13. This claim should be dismissed because a "conspiracy" is not a true cause of action and plaintiffs have failed to allege facts demonstrating that PRS was

-21-

1  involved in any conspiracy.

> Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration. By participation in a civil conspiracy, a coconspirator effectively adopts as his or her own the torts of other coconspirators within the ambit of the conspiracy. In this way, a co-conspirator incurs tort liability co-equal with the immediate tortfeasors.

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 510–511 (1994).

A defendant cannot be liable for "conspiracy" in and of itself. Instead, a party can be liable for acts of others if it is demonstrated they conspired and added in an underlying tort. "The elements of a civil conspiracy are (1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto; and (3) the damage resulting." *Mosier v. Southern California Physicians Insurance Exchange,* 63 Cal.App.4th 1022, 1048 (1998). A claim for civil conspiracy "may not arise . . . if the alleged conspirator, though a participant in the agreement underlying the injury, was not personally bound by the duty violated by the wrongdoing . . . ." *Doctors' Co. v. Superior Court,* 49 Cal.3d 39, 44 (1989).

Here, the SAC does not contain any factual allegations that PRS was involved in any conspiracy with the other defendants. The conspiracy cause of action is supported solely by conclusions of law. Such bare conclusions will not withstand a motion to dismiss. See, e.g., *Iqbal, supra,* 129 S.Ct. at 1949. Further, as plaintiffs have failed to adequately plead an underlying tort offense, PRS cannot be held liable on a theory of

1   conspiracy.

2        For these reasons, the claim against PRS for conspiracy should be dismissed.

3

4   **9.    Plaintiffs' Tenth Cause of Action Alleging "No Consideration" Fails To State A  Claim Against PRS.**

5

6        As a Tenth Cause of Action, plaintiffs allege that the underlying contract is void

7   for lack of consideration.  As pled, PRS simply does not understand what it is plaintiffs

8   are contending by this claim.  To the extent that the claim can be understood, as it is
9
10  contesting the formation of the underlying mortgage, the claim has nothing to do with

11  PRS as PRS is neither a party to that contract or a subsequent holder of the mortgage.

12       At least with respect to PRS, this "cause of action" should be dismissed.

13

14                          **III.    CONCLUSION**

15       The current operative pleading is the Second Amended Complaint.  This is

16  plaintiffs' third attempt at filing a complaint that is both factually and legally sufficient.
17
18  Plaintiffs have once again failed to do so.  While leave to amend is to be liberally

19  granted, leave to amend is not required when  granting leave would be futile.  Here, the

20  causes of action alleged in the SAC are largely based on the underlying formation of the
21
22  mortgage.  PRS had nothing to do with that.  The only cause of action that could

23  plausibly be alleged against PRS is the claim under the FCRA.  However, as set forth

24  above, except is very limited circumstances, there is no private right of action under the
25
26  FCRA against a furnisher of information such as PRS.  Thus, plaintiffs will not be able

27  to amend their complaint (yet again) to state a valid claim under the FCRA.

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PROFESSIONAL RECOVERY SERVICES, INC.'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

1    As plaintiffs have had ample opportunity to state a claim against PRS and it is

2
     clear that they will not be able to factually or legally allege a valid claim, leave to
3

4    amend should be denied and PRS respectfully requests that the entire complaint as to

5    PRS be dismissed with prejudice.

6
     Dated: February 22, 2011
7                                              ELLIS, LAVOIE, POIRIER, STEINHEIMER
                                               & MCGEE LLP
8

9                                              By  /s/  Andrew M. Steinheimer
                                                   Andrew M. Steinheimer
10                                                 Attorney for Defendant
                                                   PROFESSIONAL RECOVERY SERVICES,
11                                                 INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28